# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11 CV 347 |
| | ) | |
| FORT WAYNE POLICE | ) | |
| DEPARTMENT, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

This matter is before the court on defendant the City of Fort Wayne, the Fort Wayne Police Department, the Mayor of Fort Wayne Tom Henry, Russell York, Chief of Police for the City of Fort Wayne, and several unidentified officers' ("defendants") motion for summary judgment on all of plaintiff's claims. (DE # 91.) Plaintiff has filed a response (DE # 94), and defendants have filed a reply (DE # 97). For the following reasons, defendants' motion is granted in part, and plaintiff's remaining claims are remanded to state court.

## I.      Legal Standard

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S.

317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.*, 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex*, 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at

255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

## II.    Facts and Background

In his amended complaint (*See* DE # 24; DE # 21; DE # 10), plaintiff alleges that on March 3, 2011, several City of Fort Wayne Police officers stopped the vehicle he was driving, searched his vehicle without probable cause, and used excessive force during the encounter. In their respective filings, plaintiff and defendants present very different accounts of the events of March 3, 2011. In their statement of facts, defendants take the position that no officers of the Fort Wayne Police Department had any contact with plaintiff on March 3, 2011. (DE # 92 at 3-5.) Defendants have supported their position with various affidavits and other departmental records. (DE # 91-1; DE # 91-2; DE # 91-3.) In his response brief, plaintiff tells his side of the story through an affidavit. (DE # 94 at 15.) And, although plaintiff's version of events is quite different than defendants' version, the court must construe the facts most favorably to plaintiff, the non-moving party.[1] *Chmiel,* 158 F.3d at 968.

---

[1] Defendants have moved to strike plaintiff's affidavit. The court will address that motion later in the opinion.

In his affidavit, plaintiff details how on March 3, 2011, at approximately 8:05 a.m., plaintiff was driving in Fort Wayne when several Fort Wayne Police Officers (identified in the affidavit as Officer #10628 and Officer #10671) initiated a traffic stop. (DE # 94 at 15.) Those two officers, and several unknown officers, then removed plaintiff from his car, and slammed plaintiff to the ground. (*Id.*) Plaintiff was then "roughly" handcuffed, and put in the back seat of a police car for approximately twenty minutes. (*Id.*) While plaintiff was confined in the back of the police car, the officers searched plaintiff's car. (*Id.*)

As a result of this incident, plaintiff filed the current suit against the following defendants: the City of Fort Wayne, the Fort Wayne Police Department, the mayor of Fort Wayne Tom Henry, Fort Wayne Police Chief Russell York, Officer # 10671, Officer # 10628, and other unknown officers. (DE # 10, DE # 21.) In his complaint, plaintiff alleges that the officers violated the federal Constitution by searching his vehicle without probable cause, by detaining plaintiff while using excessive force, and by failing to intervene and preventing the other officers from violating plaintiff's constitutional rights. (DE # 10, DE # 21.) Plaintiff also alleges that the municipal defendants were responsible for these acts. (DE # 10, DE # 21.) Finally, plaintiff alleges that defendants are liable under state law for defamation, negligence, and causing mental stress. (DE # 10, DE # 21.)

### III.    Analysis

Plaintiff brings multiple claims against the various defendants in this case. The court will address each in turn.

### 1. First Amendment Claim

In his complaint, plaintiff alleges that defendants' alleged actions violate the First Amendment. (DE # 10, DE # 21.) In their motion for summary judgment, defendants argue they are entitled to summary judgment because plaintiff has failed to put forth any allegations that would support a First Amendment claim. (DE # 92 at 5.) In response, plaintiff argues that "defendants did in [] fact violate plaintiff's 1st Amend., when it (City of Fort Wayne & Fort Wayne Police Dept.) denied plaintiff the right of the 'people' to be free, peaceably, and the right to petition the government for a 'Redress of Grievances', or right to be heard." (DE # 94 at 8 [all sic].) In support of his argument, plaintiff cites a Seventh Circuit case and a United States Supreme Court case. As far as the court can tell, neither case addresses the First Amendment. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277 (7th Cir. 1994).

Plaintiff also cites to a case from this district, *Jones v. Brown*, 300 F. Supp. 2d 674 (N.D. Ind. 2003). In that case, the plaintiff, a pre-trial detainee, alleged that defendants violated the First Amendment by not responding to the grievances he had previously filed, and by serving him food that violated his religious beliefs. *Id.* at 679-80. Although *Jones* did involve a First Amendment claim, that case's application to the case at hand is

not apparent to the court, and plaintiff provides only a citation to the case, but does not explain how it is relevant to the case at hand.

In any event, however, the facts detailed in plaintiff's affidavit are similar to a standard police-citizen arrest encounter. But a "[m]ere arrest by police officers is not sufficient to bring a First Amendment claim[,]" *Martin v. Teusch*, No. 1:09–CV–321, 2011 WL 2789089, at *4 (N.D. Ind. July 14, 2011), and plaintiff has not presented any argument explaining how the alleged events of March 3, 2011 violated his First Amendment rights. Defendants have met their initial burden on summary judgment, and plaintiff has not put forth evidence creating a genuine issue of material fact on his First Amendment claim. Therefore, defendants are entitled to summary judgment on that claim.

### 2. Plaintiff's Claims Against the Defendant Officers

Plaintiff also brings a host of claims against the unidentified Fort Wayne Police Officers (including the officers he identifies as Officer # 10671 and Officer # 10628): excessive force, unlawful search, unlawful seizure, failure to intervene and state law claims. (DE # 10, DE # 21.) Plaintiff argues that the officers' alleged actions violate the Fourth and Fourteenth Amendments to the Constitution. (DE # 10, DE # 21.) Plaintiff also seeks punitive damages from these officers. (DE # 10, DE # 21.) But plaintiff has not identified those officers by name, and has presented no evidence that those officers were ever served with process.

Plaintiff cannot proceed to trial against unnamed defendants. *Copeland v. Northwestern Memorial Hospital*, 964 F. Supp. 1225, 1234 (N.D. Ill. 1997) ("Claims against

6

unknown person are meaningless and uncompensable." (citation and quotation omitted)); *Weichman v. Clarke*, 434 F. App'x 545, 548 (7th Cir. 2011); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007). Plaintiff was required to name the unidentified officers by the time statute of limitations ran on his claims, which, in this case, was March 4, 2013. *Martin v. Heuer*, 483 F. App'x 287, 289 (7th Cir. 2012) ("The statute of limitations for a violation of § 1983 in Indiana is two years.").[2] A plaintiff cannot, "after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *see also Gomez v. Randle*, 680 F.3d 859, 864 n.1 (2012) ("Accordingly, once the statute of limitations period expires, [plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'"); *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("We note in passing that it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff.").

"If an officer is only identified in the complaint by his [license plate] number, [a] motion to amend must still be made within the two year statute of limitations." *Martin v. Fort Wayne Police Dep't*, No. 1:11–CV–351, 2014 WL 854504, at *3 (N.D. Ind. Mar. 5, 2014). In this case, plaintiff never sought to amend his complaint to name the individual officers, and plaintiff's failure to do so is fatal to his claims against those unidentified

---

[2] The statute of limitations for plaintiff's state law claims is also two years. *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008); *Kelley v. Vigo County School Corp.*, 806 N.E.2d 824, 830 (Ind. Ct. App. 2004) ("[T]he statute of limitations for a defamation claim in Indiana is two years.").

officers. *See Martin v. Fort Wayne Police Dep't*, No. 1:11–CV–348, 2013 WL 310298, at *3 (N.D. Ind. Jan. 25, 2013); *see also Martin*, 2014 WL 854504, at *3-4.[3]

Even if plaintiff now sought to amend his complaint to name the unidentified officers, it would not change the result of this case. First, the deadline for plaintiff to file an amended complaint was May 1, 2012. (DE # 30.) Next, the Seventh Circuit has repeatedly held that a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity." *Gomez*, 680 F.3d at 864 n.1; *see also Kotter*, 541 F.3d at 696 ("Not knowing a defendant's name is not a mistake under Rule 15.").[4]

---

[3] Plaintiff did move to amend his complaint in September of 2012. (DE # 67.) That motion, which was ultimately denied, only sought to add race-based Equal Protection and Due Process claims. (*Id.*)

[4] There is some question whether the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.* changed the rule that a lack of knowledge about a defendant's identity is not a "mistake" for purposes of Federal Rule of Civil Procedure 15(c). 130 S. Ct. 2485 (U.S. 2010). Several other circuits had the same rule as the Seventh Circuit, *see, e.g., Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469-47 (2d Cir. 1995), and district courts in those circuits are split on whether *Krupski* abrogated that rule. *Compare Dominguez v. City of New York*, No. 10 Civ. 2620, 2010 WL 3419677, at *2-3 (E.D. N.Y. Aug. 27, 2010), *and Feliciano v. County of Suffolk*, No. CV 04–5321, 2013 WL 1310399, at *9 (E.D. N.Y. Mar. 28, 2013), *with Bishop v. Best Buy, Co. Inc.*, No. 08 Civ. 8427, 2010 WL 4159566, at *2-4 (S.D. N.Y. Oct. 13, 2010). The court was only able to find one appellate court that has directly addressed this issue, the Sixth Circuit, which has continued to apply the rule after *Krupski. See Brown v. Cuyahoga Cnty., Ohio*, No. 12–3562, 2013 WL 1003511, at *2 (6th Cir. Mar. 15, 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69-70 (6th Cir. Apr. 6, 2012).
The Seventh Circuit has addressed *Krupski* only once, in *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555 (7th Cir. 2011), and the Seventh Circuit has continued to apply the rule after both *Krupski* and *Joseph. See Gomez*, 680 F.3d at 864 n.1; *Santiago v. Anderson*, 496 F. App'x 630, 631-32 (7th Cir. 2012); *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (en banc) (Wood, J., concurring in judgment); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); *see also Mitchell v. Nesemeier*, No. 11 C 50329, 2013 WL 5587887, at *5 (N.D. Ill. Oct. 9, 2013) *Elliot v. Price*, No. 10–cv–0609, 2011

Therefore, the unidentified officers will be dismissed from this suit. *Rodriguez*, 509 F.3d at 402. Plaintiff's claims against those officers, both federal and state, will also be dismissed.

### 3. **Plaintiff's Federal Claims Against The City Of Fort Wayne**

Plaintiff has also sued the City of Fort Wayne ("the City"). (DE # 10, DE # 21.) In his response brief, plaintiff states that the City of Fort Wayne "is 'liable' for the Fort Wayne Police Dept. Policy # PD97-2401 and PD97-2407 'Use of Force policy and a Stop and Frisk policy I.C. 35-33-1-1', that is unconstitutional and are the 'reasons' or justification of the acts of its employees taken pursuant to the 'official policy' or custom." (DE # 94 at 10 [all sic].)

A plaintiff can establish municipal liability under Section 1983 by producing evidence of:

> "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville,* 111 F.3d 544, 548 (7th Cir. 1997)).

The express policy theory applies when a plaintiff can point to an explicit policy or an omission in a policy that violates a constitutional right. *Calhoun v. Ramsey*, 408 F.3d 375, 379-80 (7th Cir. 2005). Plaintiff appears to be proceeding under the express

WL 3439240, at *7 (S.D. Ill. Aug. 5, 2011); *Daniel v. City of Matteson*, No. 09–cv–3171, 2011 WL 198132, at *4 (N.D. Ill. Jan. 18, 2011). This court, therefore, will continue to apply the rule.

policy theory of municipal liability, and has attached a portion of PD97-2401, the Fort Wayne Police Department's Firearms/Use of Force Policy. (DE # 94 at 49-51.) Although plaintiff has attached the policy to his brief, as defendants correctly point out (DE # 97 at 11), plaintiff offers no argument or evidence that would indicate that the policy itself is unconstitutional or that an omission in the policy violates a constitutional right. *Ramsey*, 408 F.3d at 379-80. And there is nothing in the policy itself that is unconstitutional.

By pointing out plaintiff's lack of evidence on the express policy theory, defendants have met their initial burden on summary judgment. *Carmichael,* 605 F.3d at 460. Because plaintiff has not put forth any argument or evidence indicating this policy is either unconstitutional on its face or unconstitutional due to an omission in the policy, defendants are entitled to summary judgment on plaintiff's federal claims against the City of Fort Wayne.[5]

### 4. Plaintiff's Federal Claims Against Defendants York and Henry

Plaintiff has also sued Fort Wayne Police Chief Russell York and Fort Wayne Mayor Tom Henry. Defendants argue that they are entitled to summary judgment on

---

[5] Plaintiff may also be attempting to proceed under the "widespread practice" theory, as he alleges in his response brief that a group of Fort Wayne police Department Officers stopped his car 30 times over a sixty-day period. (DE # 94 at 11.) Plaintiff has not directed the court to any evidence to support the allegation regarding these other events, however, and to the extent plaintiff is alleging a "widespread practice," defendants are entitled to summary judgment on that claim too. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("[A]rguments in a . . . brief, unsupported by documentary evidence, are *not* evidence." (emphasis in original)); *see also Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence.").

plaintiff's claims against York and Henry regardless of whether plaintiff is suing these defendants in their individual or official capacities. (DE # 92 at 11-12.)

There is no respondeat superior liability under Section 1983, as a defendant is only responsible for his or her own misconduct. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citation and quotation omitted) (emphasis in original). Thus,

> an official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

*Webster*, 658 F.3d at 757 (citations and quotations omitted).

Defendants argue that they are entitled to summary judgment on plaintiff's individual capacity claims against defendants York and Henry because plaintiff has not alleged or presented any evidence that either York or Henry were personally involved in the alleged constitutional deprivation. (DE # 92 at 12; DE # 97 at 12.) Defendants, therefore, have met their initial burden on summary judgment.

In response, plaintiff argues that defendants York and Henry have been "fully aware" of the actions that plaintiff alleges the officers of the Fort Wayne Police Department took.[6] (DE # 94 at 11-12.) Plaintiff argues that defendants York and Henry were aware of these alleged actions because plaintiff filed numerous complaints with Internal Affairs and the Metro Human Relations Department. (*Id.*) Plaintiff, however,

---

[6] As noted above, plaintiff contends that a group of Fort Wayne police Department Officers stopped his car 30 times over a sixty-day period. (DE # 94 at 11.)

has not directed the court to any evidence to support the claim that he made complaints with either Internal Affairs or the Metro Human Relations Department. *Stevens*, 500 F.3d at 628 ("[A]rguments in a . . . brief, unsupported by documentary evidence, are *not* evidence." (emphasis in original)); *see also Campania Mgmt. Co., Inc. v.*, 290 F.3d at 853 ("[I]t is universally known that statements of attorneys are not evidence."). Even if he had, the existence of the documents would not mean that York or Henry knew about plaintiff's complaints, and plaintiff has not submitted any other evidence which would indicate that either defendant York or defendant Henry had any knowledge of plaintiff's claims.

"Liability [in section 1983 cases] depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch,* 555 F.3d 592, 593–94 (7th Cir. 2009). Plaintiff has not presented any evidence that either defendant Henry or defendant York had any knowledge of plaintiff's alleged claims. Therefore, defendants' motion for summary judgment will be granted as it relates to plaintiff's claims against defendants York and Henry in their individual capacities.

Defendants also argue that they are entitled to summary judgment on plaintiff's official capacity claims against defendants York and Henry, if plaintiff is asserting those claims. (DE # 92 at 12.) A suit against a city employee in their official capacity is essentially a suit against the city itself. *Jungels v. Pierce,* 825 F.2d 1127, 1129 (7th Cir. 1987); *see also Jones v. City of Elkhart*, Cause No. 2:10–CV–402, 2012 WL 5947707, at *15 (N.D. Ind. Nov. 28, 2012). Thus, if plaintiff is suing York and Henry in their official

capacities, he is bringing a municipal liability claim, which is redundant to plaintiff's claim against the City of Fort Wayne, discussed above. Defendants point out that plaintiff does not have any evidence to support his municipal liability claim (DE # 92 at 12; DE # 97 at 13), and therefore, have met their initial burden on summary judgment. *Carmichael,* 605 F.3d at 460.

As noted above, a municipal liability claim can be proved by producing evidence of:

> "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

*Phelan*, 463 F.3d at 789 (quoting *Roach,* 111 F.3d at 548).

In the section of his response brief responding to defendants' arguments regarding defendants York and Henry, plaintiff does not directly respond to defendants' arguments regarding any official capacity claims. (DE # 94 at 11-12.) Plaintiff does not present any argument or evidence that his injuries were caused by an express policy[7] or by the person with final policymaking authority. (DE # 94 at 11-12.) And, to the extent that plaintiff is arguing that the City of Fort Wayne had a widespread practice of stopping individuals without any legal justification and using excessive force against those individuals, despite alleging in his response brief that he was stopped

---

[7] As noted above, plaintiff did argue that the City of Fort Wayne was liable under the express policy theory of liability, but that argument was insufficient to defeat summary judgment. (*See supra* at pp. 9-10.)

over 30 times in a 60-day period, plaintiff has not supported that claim with any evidence other than describing the incident that allegedly took place on March 3, 2011. (DE # 94 at 15.) This is not sufficient to raise a genuine issue of material fact on the existence of a widespread practice. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 774-75 (7th Cir. 2008) (four incidents of plaintiff being given medication bottle all in one lot not sufficient to create an issue of material fact); *see also Estate of Moreland v. Dieter*, 395 F.3d 747, 759-60 (7th Cir. 2005) (three incidents of improper use of pepper spray not sufficient to constitute a widespread practice); *Palmer v. Marion Cnty.*, 327 F.3d 588, 595-96 (7th Cir. 2003) (two incidents of observing inmate-on-inmate violence where guards failed to intervene not sufficient to constitute widespread practice).

In sum, plaintiff has not raised a genuine issue of material fact on either an individual or official capacity claim against either defendant York or defendant Henry. Defendants' motion for summary judgment will be granted as it relates to plaintiff's federal claims against those defendants.

### 5. The Fort Wayne Police Department

Next, defendants argue that plaintiff's claims against the Fort Wayne Police Department should be dismissed because the Fort Wayne Police Department is not a suable entity under Section 1983. (DE # 92 at 12-13.) In response, plaintiff argues that the Fort Wayne Police Department should not be dismissed because the Fort Wayne Police Department enforces the policies and customs of the City of Fort Wayne. (DE # 94 at 12.)

Defendants are correct that the Fort Wayne Police Department is not a proper party in this case, because, under Indiana law, the Fort Wayne Police Department does not have the capacity to sue or be sued. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Therefore, defendants' motion will be granted as it relates to plaintiffs' claims against the Fort Wayne Police Department.

**6. Punitive Damages Against the City of Fort Wayne**

Defendants argue that summary judgment is appropriate on plaintiff's claim for punitive damages against the city of Fort Wayne because municipalities have absolute immunity from punitive damages liability. (DE # 92 at 17.) Plaintiff does not directly address this argument in his response brief. (DE # 94 at 12-13.)

Defendants are correct that municipalities are immune from punitive damages in Section 1983 suits. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Defendants' motion for summary judgment will therefore be granted as it relates to plaintiff's punitive damages claim against the City of Fort Wayne.

**7. Equal Protection and Due Process Claims**

In his response brief, plaintiff attempts to allege Equal Protection and Due Process claims. (DE # 94 at 9-10.) In response, defendants correctly point out that plaintiff made no mention of these claims in his complaint, and argue that plaintiff cannot use his response brief to amend his complaint. (DE # 97 at 7 n.3.) Additionally, plaintiff attempted to amend his complaint to add Equal Protection and Due Process

15

claims (DE # 67), but that motion was denied (DE # 68), as was plaintiff's motion to reconsider the issue (DE ## 69, 70.)

"[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (citation and quotation omitted); *see also Conley v. Birch*, No. 11–cv–13, 2013 WL 6229960, at *7 (S.D. Ill. Dec. 2, 2013). Plaintiff's request to amend his complaint to include Equal Protection and Due Process claims was already denied twice by the court, and plaintiff cannot use his response brief to now amend his complaint.[8] Therefore, plaintiff's Equal Protection and Due Process claims will be dismissed.

### 8. Plaintiff's State Law Claims

In his amended complaint (*see* DE # 24; DE # 21; DE # 10), plaintiff alleges that defendants are liable for several state-law claims, including harassment, retaliation, defamation, and causing mental anguish.[9] Defendants only argument regarding these claims is that there can be no basis for liability on these claims because no Fort Wayne Police Officer had any contact with plaintiff on March 3, 2011. (DE # 92 at 18.) Although

---

[8] It is not entirely clear from plaintiff's response whether he is bringing race-based Equal Protection and Due Process claims, which is what he attempted to do with the motion to amend that was denied (DE # 66), or advancing these claims under a different theory. Regardless of whether plaintiff is attempting to advance these claims under a race-based or some other sort of theory, they will be dismiss because plaintiff cannot amend his complaint in his response to defendants' motion for summary judgment.

[9] In his response brief, plaintiff also argues that defendants are liable for battery. (DE # 94 at 13.) Defendants argue that plaintiff cannot bring a battery claim at this stage of the litigation. As discussed in further detail below, because the court is relinquishing jurisdiction over plaintiff's remaining state law claims, it will not reach defendants' argument on this issue.

defendants have presented evidence indicating that no officers had contact with plaintiff on that day, plaintiff, in his affidavit, testified that the unidentified officers removed plaintiff from his car and shoved plaintiff to the ground. (DE # 94 at 15.) Construing the facts most favorably to plaintiff, plaintiff's affidavit creates a genuine issue of material fact regarding whether the unidentified officers had contact with plaintiff on March 3.

Defendants, therefore, have moved to strike plaintiff's affidavit. (DE # 98.) Plaintiff has not filed a response to that motion, and the time to do so has passed. Defendants make several arguments in their motion, and the court will address each in turn.

### A. Arguments Under RULE 56(c)(4)

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Defendants argue that plaintiff's affidavit must be stricken in its entirety because it "does not set forth that [plaintiff] has personal knowledge or that he is competent to testify to the matters stated in his affidavit." (DE # 99 at 1.)

Although plaintiff's affidavit does not explicitly state that he has personal knowledge of the events described in his affidavit, plaintiff was not required to explicitly state that in his affidavit. *Viasystems Technologies Corp., LLC v. Landstar Ranger,*

*Inc.*, No. 10–C–577, 2011 WL 2912763, at *3 (E.D. Wis. July 15, 2011) ("Although [affiant's] affidavit does not expressly state that his assertions are based on personal knowledge, the requisite personal knowledge may be inferred from the affidavit as a whole."); *RIV VIL, Inc. v. Tucker*, 979 F. Supp. 645, 660-61 (N.D. Ill. 1997) (affidavits not required to "state that they are made on personal knowledge."). And nothing in plaintiff's affidavit indicates that it was impossible for plaintiff to observe the facts outlined in the affidavit. *See* MOORE'S FED. PRACTICE 3d, § 56.94[2][b] ("If the affiant or declarant could not have perceived or observed what he or she testified to, he or she could not have personal knowledge."). Therefore, defendants' argument that plaintiff's affidavit must be stricken due to a lack of personal knowledge is not persuasive.[10]

Next, defendants argue that plaintiff's affidavit should be stricken because the affidavit does not set forth that plaintiff is competent to testify. (DE # 99 at 1.) Plaintiff's affidavit, however, details events that plaintiff observed and experienced himself. This is sufficient to meet the requirement that an affidavit must show that the affiant is competent to testify on the matter at trial. MOORE'S FED. PRACTICE 3d, § 56.94[2][d] ("[S]ummary judgment affidavits should begin with a paragraph setting forth the facts that make the witness competent with respect to the statements in the affidavit or declaration. This will generally include a statement of the affiant's or declarant's age

---

[10] In their reply brief (DE # 97 at 3), defendants also argue that plaintiff's affidavit is self-serving, and therefore, cannot be used to create a genuine issue of material fact. Defendants cite to *Kornacki v. Norton Performance Plastics*, 956 F.2d 129 (7th Cir. 1992) in support of this argument. *Kornacki* and other Seventh Circuit cases that held that self-serving evidence cannot create an issue of material fact were overruled last year in *Hill v. Tangherlini*, 724 F.3d 965, 967-68 & n.1 (7th Cir. 2013). Defendants are not at fault for this error, however, as *Tangherlini* was issued after they filed their reply brief.

and relationship to the litigation, as well as information indicating how the affiant or declarant came to have personal knowledge of the matter in the affidavit or declaration[.]"); *see also Grady v. Illinois Bell Tel. Co.,* No. 94 C 3115, 1996 WL 473657, *5 (N.D. Ill. Aug. 13, 1996) ("An affiant is competent to testify when her opinions—and inferences drawn therefrom—are 'grounded in observation or other first-hand personal experience.'" (*quoting Visser v. Packer Engineering Assocs., Inc.,* 924 F.2d 655, 659 (7th Cir. 1991))). Defendants' argument on this point fails.

### B. Arguments Regarding Specific Paragraphs of Plaintiff's Affidavit

Defendants alternatively argue that the court should strike paragraphs one, seven, eight, nine, and ten of plaintiff's affidavit. (DE # 99 at 2.) The court need only address defendants' argument regarding the first paragraph, as the evidence in that paragraph is sufficient to rebut defendants' evidence that no contact was made between any City of Fort Wayne Police officer and plaintiff on March 3, 2011.

Paragraph one of plaintiff's affidavit states:

On March 3, 2011, at approx.. 8:05 a.m. Plaintiff was driving southbound on Fairfield St., in Fort Wayne, Indiana. Plaintiff noticed a fully marked police car parked in BP Gas Station in an 'awkward' fashion (sitting in a reversed position), while plaintiff sat at a stop light waiting for it to change green. Plaintiff drove by and noticed that the police car got behind plaintiff and initiated a 'traffic stop'. Plaintiff was forcefully removed from the vehicle and slammed to the ground by Officer #10628; officer #10671 and several unknown Fort Wayne Police officers. Plaintiff was roughly handcuffed by officer #10671 and an unknown officer in a fashion to inflict pain or injury to plaintiff and then placed in the back seat of an unknown police car for over 20 minutes, 'depriving' plaintiff his freedom of locomotion and 'free of will', 'to come and leave as u please'. Plaintiff contest that officer #10628; officer #10671, and several unknown officers did 'illegally' search plaintiff's vehicle on 3/3/2011 without plaintiff's consent or a valid 'probable cause'."

(DE # 94 at 15 [all sic].)

Defendants make several arguments about this paragraph. First, defendants argue that this paragraph must be stricken because it contains inadmissible legal conclusions. (DE # 99 at 2.) Defendants are correct that the court may not consider legal conclusions in affidavits. *See Liberles v. Cook County,* 709 F.2d 1122, 1129 (7th Cir. 1983) ("Defendants also point to an administrator's affidavit which contains only hearsay and legal conclusions. This affidavit is not entitled to consideration because it does not contain evidence admissible at trial."). Defendants, however, have not identified the portions of paragraph one of plaintiff's affidavit that they believe constitute legal conclusions. As far as the court can tell, the only legal conclusions contained in this paragraph are that defendants illegally searched plaintiff's vehicle without probable cause. The court will disregard plaintiff's assertion that the search was done illegally and without probable cause.

Defendants next argue that this paragraph is speculative, conclusory, and irrelevant. (DE # 99 at 2.) Specifically, defendants argue that plaintiff's statements regarding how the police vehicle was parked, the officers' intentions to inflict pain, and plaintiff's inability to move around as he pleased are not relevant. (*Id.*) The court disagrees with defendants' argument that this evidence is not relevant. Plaintiff is simply completing his side of the story. Plaintiff's assertion regarding the officers' intentions, however, is not within plaintiff's personal knowledge, and the court will therefore disregard that statement.

20

Finally, defendants argue that the statements in paragraph one regarding the actions of Officer # 10671 and Officer #10628 contradict plaintiff's deposition testimony. (DE # 99 at 2-3.) In the Seventh Circuit, a party is not allowed to "create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." *Harmon v. Gordon*, 712 F.3d 1044, 1051-52 (7th Cir. 2013) (citation and quotations omitted). In support of their argument, defendants direct the court to the following excerpt from plaintiff's deposition testimony:

> Q: Can you tell me what you're claiming Officer 10671 did wrong on March 3, 2011?
> A: Well, I, I can't really, under oath.
>
> ***
>
> A: Yeah, I, I don't know which one of those is Officer 10671,
>
> ***
>
> Q: So I'm assuming with respect to the next officer, the 10628 [sic], can you tell me what you're claiming he did, or is that the same situation?
> A: Yes, it's, it's the same situation.

(DE # 98-1 at 2-3.) Defendants argue that this deposition testimony reveals that plaintiff, at the time of his deposition, did not know what these two officers did wrong. (DE # 99 at 3-4.) Therefore, defendants argue that when plaintiff testified in his affidavit that these officers removed him from his vehicle, slammed him to the ground, and searched the vehicle, plaintiff was contradicting his deposition testimony. (*Id.*)

The court does not find this argument to be persuasive. As the court reads the excerpt cited above, it does not appear that plaintiff is testifying that he cannot identify

what those officers allegedly did on the day in question, but that plaintiff cannot identify those officers at all. Thus, in his deposition, plaintiff is testifying that he does not know the identity of the officers other than by their license plate numbers, and in his affidavit, plaintiff is testifying about what these officers allegedly did, while identifying them by their plate numbers. The affidavit does not contradict plaintiff's deposition testimony, and defendants' argument therefore fails on this point.

In sum, the court will disregard plaintiff's assertions in the first paragraph of his affidavit that the search of his car was done illegally and without probable cause. Additionally, the court will disregard plaintiff's assertions about the officers' intent regarding their alleged actions during the encounter. Despite disregarding these portions of plaintiff's affidavit, the testimony in the first paragraph of plaintiff's affidavit is sufficient to create an issue of fact regarding whether members of the Fort Wayne Police Department had an encounter with plaintiff on March 3, 2011. Because defendants' only argument in their motion for summary judgment regarding plaintiff's state law claims is that no officers had any contact with plaintiff on that date, their motion for summary judgment will be denied as it relates to plaintiff's state law claims.[11]

Plaintiff's state law claims will therefore be the only claims that survive defendants' motion for summary judgment. This case was removed pursuant to 28

---

[11] As discussed above, plaintiff's state law claims will be dismissed against the unidentified officers. (*See supra* at pp. 6-9.)

U.S.C. § 1331, the federal question jurisdiction statute. (DE # 2.) Thus, the claims that gave the court original jurisdiction over this case will be dismissed.

28 U.S.C. § 1367(c) states:

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under 28 U.S.C. § 1367(c)(3), when, as here, the federal claims have dropped out of the lawsuit, a "district judge has discretion to relinquish supplemental jurisdiction and remand . . . ." *Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011).

The Seventh Circuit has identified three situations where a district court should retain jurisdiction over a supplemental claim even though all federal claims have dropped out: "where the statute of limitations would bar the refiling of the supplemental claims in state court…; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). This suit was originally filed in state court, and was

removed, so the statute of limitations is not an issue. (DE # 2.) Additionally, the court has not spent substantial resources on the resolution of the state claims.

Finally, it is not obvious how the state law claims should be resolved. Plaintiff has provided evidence upon which a reasonable jury could conclude that plaintiff had an encounter with several City of Fort Wayne Police officers, and that those officers had a physical confrontation with plaintiff. Under Indiana law, a municipality can be liable under a respondeat superior theory of liability for the acts of its employees which are committed in the course of employment.[12] *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999); *see also Goudy v. Cummings*, No. 1:12–cv–00161, 2014 WL 234189, at *1 n.1 (S.D. Ind. Jan. 21, 2014); *Howard v. Ealing*, 876 F. Supp.2d 1056, 1076 (N.D. Ind. 2012). Although it is not entirely clear whether the City of Fort Wayne can be held liable on a vicarious theory of liability for the acts of unnamed defendants, *Rodriguez*, 509 F.3d at 402 (discussing Illinois rule holding that non-defendant yet sufficiently identified officer's behavior sufficient to impose municipal liability), the state court can resolve that issue on remand.[13]

---

[12] It does not appear that municipal officials can be individually liable for the acts of their employees, but the state court can resolve that issue on remand. Therefore, the court will not dismiss plaintiff's state law claims against defendants York and Henry.

[13] The court will not reach defendants' arguments that they are entitled to qualified immunity, as they do not argue that qualified immunity entitles them to summary judgment on plaintiff's state law claims. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013) ("[T]he doctrine of qualified immunity does not shield defendants from state law claims.")

24

Therefore, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims, and this case will be remanded to state court.

## IV.     Plaintiff's Other Motions

Plaintiff has filed several other motions. First, plaintiff filed a document entitled "Plaintiff Motion to Objection; Preserving a Claim of Error Rule 51 of the F.R.C.P." (DE # 83 [all sic].) In that document, plaintiff states that he would like to object to Magistrate Judge Cosbey's order denying plaintiff's motion to compel. (*Id.*) That order, which was entered on November 21, 2012 (DE # 80), denied plaintiff's motion to compel defendants to produce certain documents.

Martin's objection to Magistrate Judge Cosbey's order, however, is untimely. Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a). Plaintiff's objection to Magistrate Judge Cosbey's order was filed on December 12, 2012; 21 days after Magistrate Judge Cosbey issued the order on plaintiff's motion to compel. Therefore, plaintiff's motion is untimely and will be overruled. *Jean v. Dugan*, 29 F. Supp. 2d 939, 941 (N.D. Ind. 1998).[14]

---

[14] Even if the court were to reach the merits of plaintiff's objection, however, the court would still overrule plaintiff's objection. Plaintiff has not identified any defect in Magistrate Judge Cosbey's order. Instead, plaintiff simply states that he was entitled to

Next, plaintiff has filed a motion entitled "Federal Rules of Civil Proced. 60(a), (b) Mistake, Inadvertence, Newly Discovered Evidence, 'Excusable Neglect', or Good Cause." (DE # 90 [sic].) In that motion, plaintiff takes issue with Magistrate Judge Cosbey's order granting defendants' motion to strike plaintiff's third set of discovery requests. (*Id.* at 6; DE # 85.) Although plaintiff has labeled his motion under RULE 60(a) and (b), it is clear that plaintiff is actually seeking a review of Magistrate Judge Cosbey's order granting defendants' motion to strike plaintiff's third set of discovery requests by the undersigned district court judge.[15] *See United States v. Antonelli,* 371 F.3d 360, 361 (7th Cir. 2004) ("When determining the character of a pro se filing, however, courts should look to the substance of the filing rather than its label."). Plaintiff's motion makes clear that he believes Magistrate Judge Cosbey erred in granting defendants' motion to strike:

---

the requested documents, but does not argue how Magistrate Judge Cosbey's order was either clearly erroneous or contrary to law. And after reviewing Magistrate Judge Cosbey's order, the court cannot conclude that anything in the order is clearly erroneous or contrary to law, as plaintiff failed to identify the documents he sought from defendants in his motion to compel. *Morris v. Ley*, No. 05-C-0458, 2006 WL 2585029, at *2 (E.D. Wis. Sept. 7, 2006) (denying pro se plaintiff's motion to compel because it was "nearly impossible to ascertain which documents the plaintiff seeks to have produced").

[15] Neither RULE 60(a) nor RULE 60(b) applies here. RULE 60(a) applies when there has been a clerical mistake or a mistake from oversight or omission found in a judgment, order, or other part of the record. RULE 60(a) "does not excuse mistakes made by a pro se party in calculating the time in which to serve discovery." *Martin v. Fort Wayne Police Dep't*, No. 1:11–CV–350, 2013 WL 1397326, at *1 (N.D. Ind. Apr. 4, 2013). Additionally, RULE 60(b) does not apply here because RULE 60(b) only applies to "final orders and final proceedings." *McCormick v. City of Chicago*, 230 F.3d 319, 326 n.6 (7th Cir. 2000); *see also Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 343 (7th Cir. 2004). Plaintiff's motion does not take issue with either a final order or a final proceeding.

> Plaintiff argues that the Court [magistrate R. Cosby] is more familiar with the complaints presented before the Court . . . and "abused" its discretion when granting the defendants motion to "strike." Plaintiff feels that it was magistrate Cosby "duty" to look beyond the cause of "delay", to the interest of justice, considering both, the need to afford litigants a day in court and to "ensure" prompt adjudication, while giving both parties a chance to present their defense.

(DE # 90 at 2 [all sic].)

Therefore, despite being labeled a motion under RULE 60 (a) and (b), plaintiff's motion is more appropriately classified as a motion for review of a magistrate judge's decision under RULE 72(a). Plaintiff had 14 days to object to Magistrate Judge Cosbey's order, which was issued on December 17, 2012. (DE # 85.) Plaintiff filed his motion one month after that decision was issued, however, and plaintiff's current motion is therefore untimely. Thus, plaintiff's objection will be overruled.[16]

---

[16] Even if the court were to reach the merits of plaintiff's objection, however, it would still be overruled. The gist of plaintiff's argument in his motion is that Magistrate Judge Cosbey should have denied defendants' request to strike plaintiff's third set of discovery requests because plaintiff was under the mistaken belief that he was allowed to submit discovery requests up until the deadline for the completion of discovery. (DE # 90 at 2-4.) Magistrate Judge Cosbey originally set a discovery deadline of August 20, 2012 (DE # 30), but later extended the deadline to October 22, 2012 after plaintiff sought additional time to complete discovery. (DE # 63.) In the order granting plaintiff's request for additional discovery, however, Magistrate Judge Cosbey cautioned that no further extensions would be granted, and also stated: "Since October 22, 2012, is the deadline for the completion of discovery, any discovery should be initiated, at the latest, 30 days before that date." (*Id.* at 1-2 & n.1.)

As Magistrate Judge Cosbey (DE # 85 at 2 n.1) recognized in this case, and as this court recognized in one of plaintiff's other cases in this district, *see Martin v. Indiana*, No. 1:12 CV 146, 2012 WL 1946541, at *2 (N.D. Ind. May 30, 2012), although plaintiff is proceeding pro se in this matter, he is a very experienced pro se litigant. Magistrate Judge Cosbey specifically warned plaintiff that "any discovery should be initiated, at the latest, 30 days before that [October 22, 2012]." (DE # 63 at 1-2 & n.1.) "[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

In his response to defendants' motion to strike, plaintiff argued that his failure to

Finally, plaintiff moves to strike defendants' motion for summary judgment under RULE 12(f). (DE # 95.) In his motion, plaintiff argues that the court should strike defendants' motion for summary judgment because it was not timely filed. (*Id*.) The dispositive motion deadline in this case was February 22, 2013. Defendants' motion for summary judgment was filed on February 22, 2013. (DE # 91.) Plaintiff argues that because he was not allowed to serve his discovery requests prior to the completion of discovery deadline, defendants should not be allowed to file a motion for summary judgment on the date of the dispositive motion deadline. (DE # 95 at 1.)

Plaintiff is comparing apples to oranges here. Magistrate Judge Cosbey made clear in his order extending the discovery period that all discovery requests had to be initiated at least 30 days prior to the discovery deadline. (DE # 63 at 2 n.1.) When the court, through a minute entry, set February 22, 2013 as the dispositive motion deadline, it made no mention of any requirement that dispositive motions be filed any earlier than the actual deadline. Thus, defendants' motion for summary judgment was not untimely and plaintiff's motion (DE # 95) will be denied.[17]

---

comply with the 30-day deadline was due to a busy litigation schedule. (DE # 81 at 1-2.) Magistrate Judge Cosbey correctly determined that this was an insufficient reason for denying defendants' motion to strike. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030-31 (7th Cir. 1998) (denying a request for extension of time premised upon counsel's busy trial schedule), and his order granting defendants' motion to strike was neither clearly erroneous nor contrary to law. *See id.* ("[A] good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." (citations and quotations omitted)); *see also Shadle v. First Fin. Bank, N.A.*, No. 1:09–cv–37, 2009 WL 3787006, at *2 (N.D. Ind. Nov.10, 2009) (collecting cases refusing to require opposing parties to respond to discovery requests served late in the discovery period).

[17] Plaintiff also seeks to have several of the affidavits attached to defendants' motion for summary judgment stricken. (DE # 95 at 1-2.) The court did not rely on those affidavits in ruling on any of the claims resolved in defendants' favor, and plaintiff's

**V.     Conclusion**

For the foregoing reasons:

1. Defendants' motion for summary judgment (DE # 91) is **GRANTED** as it relates to plaintiff's federal Section 1983 claims against all defendants; **GRANTED** as it relates to plaintiff's state law claims against the unidentified officers; **GRANTED** as it relates to plaintiff's punitive damages claim against the City of Fort Wayne; and **GRANTED** as it relates to plaintiff's claims against the Fort Wayne Police Department. The only claims that remain are plaintiff's state law claims against the City of Fort Wayne, Tom Henry, and Russell York. Those claims are **REMANDED** back to state court. The clerk is directed to dismiss the unidentified officers from this case. The clerk is also directed to return the case to the state court from which it originated.

2. Defendants' motion to strike (DE # 98) is **GRANTED IN PART**, **DENIED IN PART**, and the remainder of the motion is **DENIED AS MOOT**.

3. Plaintiff's motion for review of Magistrate Judge Cosbey's order denying plaintiff's motion to compel (DE # 83) is **DENIED**.

4. Plaintiff's motion titled as a RULE 60 (a) and (b) motion is **DENIED**. (DE # 90.)

5. Plaintiff's motion to strike defendants' motion for summary judgment (DE # 95) is **DENIED.**

**SO ORDERED.**

Date: March 18, 2014

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

request is therefore denied as moot.